# *Ex parte* **Burton.**

## Petition for Mandamus.

1. *Removal of causes under Act of March 1, 1881, (Acts 1880-81, p. 268)*. Where under the Act March 1, 1881, (Acts 1880-81. p. 268) which authorizes the parties, by written agreement filed with the clerk of the City Court of Montgomery, to transfer their case to the Circuit Court of the county, and provides that the clerk of the City Court shall make a transcript, etc., and deliver the same, and all the original papers to the clerk of the Circuit Court; but that no case shall be transferred until the costs, including the costs of transcript, shall be paid to the clerk of the City Court; parties agreed to so transfer their case, and that "defendants pay the costs" of certain witnesses named, plaintiff was not entitled to have the case docketed in the circuit Court without first paying the costs other than the costs of such witnesses, notwithstanding such agreement was made at the instance and request of defendant.

Petition for *mandamus*, filed by Martha Ann Burton praying to have Hon. John R. Tyson, Circuit Judge, required to re-instate on the docket of the Circuit Court of Montgomery the cause of Martha Ann Burton v. A. C. Parker & Co., which had been stricken from the docket by said court.

All the facts are sufficiently stated in the opinion.

SAYRE & PEARSON, for the petitioner, cited Act March 1, 1881, Acts 1880–81, p. 268; 5 Amer. & Eng. Enc. of Law, 674; *Ex parte Holton*, 69 Ala. 168, and authorities there cited; *Ex parte Lowe*, 20 Ala. 330; *Ex parte Abrams*, 48 Ala. 151; *Ex parte Stowe*, 51 Ala. 69.

A. A. WILEY, for the respondent—cited 12 Amer. & Eng. Ency. of Law, p. 303; *Haines v. Carpenter*, 1 Wood (C. C.

[Ex parte Burton.]

R.) 268; *Hagon v. Lucas*, 10 Peters, 400–4; *Hallett v. Dexter*, 1 Curtis, 178; *Shelby v. Bacon*, 10 How. 56; *Phœnix Ins. Co. v. Peehner*, 95 U. S., 183; *Gower v. Howe*, 20 Ind., 297; *Amony v. Amony*, 95 U. S., 186. *Little Fork Gold Wash Co. v. Keyes*, 96 U. S. 199; *Reeside v. United States*, 8 Wall. 38; *Dinkard v. State*, 20 Ala. 9; *Rountree v. Key*, 71 Ga., 214; *Bullock v. Perry*, 2 Stew. & Port., 319; *Ex parte Morris & Blair*, 44 Ala. 361; *McDuffie v. Cook*, 65 Ala. 430; *Ex parte Schmidt*, 66 Ala. 252; *Taylor v. Kolb*, 13 So. Rep. 779.

McCLELLAN, J.—The Act of March 1, 1881, (Acts 1880–81, p. 268), relating to the transfer of causes from the City Court of Montgomery to the Circuit Court of Montgomery county, and *vice versa*, makes it competent for the parties by agreement in writing filed with the clerk of either of said courts in which their cause is pending to transfer the same to the other of said courts, &c., &c., and provides further as follows: "That upon such agreement being filed with the clerk, it shall be his duty to make a certified transcript of all orders, minute and docket entries in such cause, and to deliver the same, with all the original papers in the cause, to the clerk of the court to which the cause is transferred, *Provided*, That the clerk shall not be required to perform any of the duties prescribed by this section, and no cause shall be transferred, until the costs that have accrued, including the costs of transcript, shall first be paid to the clerk of the court in which the cause is pending."—Acts 1880–81, pp. 268–9.

In the case of *Martha Ann Burton v. A. C. Parker & Co., et al.*, which had been commenced and was at the time pending in the City Court of Montgomery, the parties, on October 17, 1892, entered into the following agreement of transfer: "It is agreed that this case may be transferred to the next term of the Circuit Court; and that the defendants pay the costs of witnesses Russell, Burton and Shank Burk in attending court at the present term of the City Court of Montgomery." And upon this agreement the City Court on the day of its execution made the following entry: "This day came the parties by their attorneys and agree in writing that the case be removed and transferred to the next term of the Circuit Court, and that the defendants pay the costs of witnesses Russell, Burton and Shank Burk in attending court at present term of this court." It is admitted that this agreement of transfer "was made at the instance of the defendants."

Upon the execution of this agreement and its entry as
vol o.

[Ex parte Burton.]

above on the records of the City Court, the plaintiff took the
original papers in the cause to the clerk of the Circuit Court
and had the case docketed in that court, but she did not
procure from the clerk of the City Court nor file in the Cir-
cuit Court "a certified transcript of all orders, minute and
docket entries" made in the City Court, and she did not pay
the costs that had accrued in that court, nor have said costs
ever been paid. At the January Term, 1893, of the Circuit
Court, "the circuit judge, on motion of the defendants, struck
the case from the docket and dismissed it from said court"
on the ground that it had not been properly removed from
the city into the Circuit Court in the manner required by
the statute, no transcript being filed and the costs of the
City Court not having been paid. The plaintiff, acquiescing
in this order, thereupon carried the file back to and had the
cause re-docketed in the City Court, and at the February
Term, 1893, of said court, the cause was, on motion of de-
fendants, stricken from its docket and dismissed on the
ground that it had been discontinued therein. This action
appears also to have been acquiesced in by the plaintiff, who
afterwards procured the transcript contemplated by the
statute and filed it and the original papers in the Circuit
Court, and had the cause again docketed there by a different
number; but, as has been stated, the costs which had ac-
crued in the City Court were not and have never been paid.

On this state of the case the circuit judge again struck
the case from the docket of his court and this application is
for a *mandamus* to compel its reinstatement thereon.

Conceding without deciding that *mandamus* is plaintiff's
remedy if she had the right she is now attempting to assert,
namely, the right to have this case on the docket of the Cir-
cuit Court, we are constrained to deny the relief prayed be-
cause our conclusion is that the case was never properly on
the docket of the Circuit Court, and, being actually there,
the judge of that court properly struck it off. It is not con-
tended but that the payment of the costs which had accrued
in the City Court would ordinarily have been a condition
precedent to any efficacious removal of the case into the Cir-
cuit Court, but it is insisted that under the particular facts
shown here the duty to pay these costs was on the defend-
ants, because the agreement of transfer had been entered
into at their instance and that in consequence they could not
be heard to question the validity of the removal on that
ground; and it is also insisted that, leaving the duty to pay
costs out of view, the defendants are yet estopped to ques-
tion the removal because the agreement to that end was en-

[Ex parte Burton.]

tered into at their instance. Both these contentions are emasculated, in our opinion, by the terms of the agreement, even granting that they involve the conclusion sought to be deduced if they were supported by the facts, which we do not decide. As we read the agreement it relieves the defendants from the payment of all cost except that of certain named witnesses at the current term of the City Court on the maxim *expressio unius est exclusio alterius:* it stipulated that certain costs were to be paid by the defendant, and, being silent as to all other costs—all of which had to be paid before there could be a removal—the only reasonable conclusion is that plaintiff was to pay all other costs, since, had the intention of the parties been otherwise, they would have so expressed it, or at least been silent on the subject, instead of stipulating that the defendants should pay the costs of certain named witnesses at a specified term of the court. And the fact that the agreement to transfer the same was made at the suggestion or instance of the defendants loses any importance it might otherwise have had when considered with reference to the terms of the agreement as we understand them. Their request for a transfer was for a transfer upon the conditions embodied or clearly implied in the agreement—a transfer upon which, or rather as a condition precedent to which, the plaintiff was to pay all the costs which had accrued in the City Court except that incurred on account of the attendance of certain witnesses at the term of the court. They did not request a transfer except upon these conditions, and they can not be estopped by their request to question the validity and efficacy of any transfer attempted without compliance with these conditions. The thing they requested has not been done and they can not be holden to acquiescence because of their request in the different thing which was done.

On these considerations—and there are probably others leading to the same conclusion—we hold that the judge of the Circuit Court properly struck the cause from the docket of that court, and decline to command him to reinstate it.

Petition denied.